IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------x
:
In re: :   Chapter 11
:
TRIDENT RESOURCES CORP., et al.,[1] :   Case No. 09-13150 (MFW)
:
:   (Jointly Administered)
:
Debtors. :   Re: Docket No. 268
---------------------------------------------------------------x

## ORDER (A) SETTING FINAL DATES FOR FILING PROOFS OF CLAIM (INCLUDING CLAIMS UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE), (B) ESTABLISHING PROCEDURES FOR FILING PROOFS OF CLAIM, AND (C) APPROVING NOTICE THEREOF

Upon the Motion[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (this "Order") (a) setting final dates for filing proofs of claim (including claims under section 503(b)(9) of the Bankruptcy Code, "503(b)(9) Claims"), (b) establishing procedures for filing proofs of claim; and (c) approving notice thereof; and it appearing that the relief requested is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of

---

[1] The Debtors in these Chapter 11 Cases, along with each Debtor's place of incorporation and the last four digits of its federal tax identification number, where applicable, are: Trident Resources Corp. (*Delaware*) (2788), Aurora Energy LLC (*Utah*) (6650), NexGen Energy Canada, Inc. (*Colorado*) (9277), Trident CBM Corp. (*California*) (3534), and Trident USA Corp. (*Delaware*) (6451).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, except as set forth herein, that pursuant to Bankruptcy Rule 3003(c)(3), all persons and entities (collectively, the "Claimants"), holding or wishing to assert against the Debtors a claim, as that term is defined in section 101(5) of the Bankruptcy Code (each a "Claim"), are required to file proof of such Claim (a "Proof of Claim") with The Garden City Group Inc. ("GCG" or the "Claims Agent"), pursuant to the procedures set forth in the Motion and this Order on or before the deadline set forth herein; and it is further

ORDERED, that all persons and entities, holding or wishing to assert against the Debtors one or more claims for fees and/or expenses contemplated in the Commitment Agreement Documents (as defined in this Court's Order Authorizing and Approving (I) the Debtors' Entry Into the Commitment Letter, (II) the Equity Put Fee, Expense Reimbursement, and Indemnification Obligations, (III) the Procedures for the Sale and Investor Solicitation Process, and (IV) the Form and Manner of Notice Thereof (Docket No. 251)), are not required to file a Proof of Claim with respect to such claims; and it is further

ORDERED, that except as expressly provided herein, each and every Proof of Claim for a Claim that arose before the Petition Date against the Debtors, **including 503(b)(9) Claims**, in these Chapter 11 Cases must be filed so as to actually be received by the Claims Agent on or before **April 26, 2010 at 5:00 p.m. (Prevailing Eastern Time)** (the "Bar Date"); and it is further

ORDERED, that each and every governmental unit (as that term is defined in section 101(27) of the Bankruptcy Code) shall file a Proof of Claim by the Bar Date; and it is further

ORDERED, that all claims asserted against the Debtors shall be filed in, and only in, these Chapter 11 Cases with the Claims Agent, and in accordance with the procedures set forth in the Motion and the Order; and it is further

ORDERED, that all claims asserted against any of the Canadian Debtors that are not a Debtor in these Chapter 11 Cases shall be filed in, and only in, the Canadian Proceedings with the court-appointed Monitor; and it is further

ORDERED, that in the event that any Debtor amends its statements of financial affairs and schedules of assets and liabilities (collectively, the "Schedules"), the bar date for filing a Proof of Claim with respect to any Claim affected by such amendment to the Schedules shall be the later of (a) the Bar Date, (b) a time period fixed by the Court or (c) if no date is provided, 5:00 p.m. (Prevailing Eastern Time) on the date that is 21 days after the date on which the Debtors provided notice of such amendment and notice of the bar date with respect to the Schedules; and it is further

ORDERED, that the Bar Date by which a creditor shall file a Proof of Claim arising from the Debtors' rejection of any executory contract or unexpired lease shall be the later of (a) the Bar Date, or (b) the date provided in (i) the order authorizing the Debtors to reject or (ii) the notice of rejection of the contract or lease or, if no such date is provided, then 30 days after the date the order is entered or notice is provided; and it is further

ORDERED, that notwithstanding the foregoing, the following classes of creditors are not required to submit Proofs of Claim in accordance with the Bar Date established herein:

- Claimants who already filed a Proof of Claim against the Debtors with the Clerk of the Bankruptcy Court for the District of Delaware (the "Clerk") or with the Claims Agent in a form substantially similar to Official Bankruptcy Form No. 10 ("Official Form 10");

- Any person or entity whose Claim is listed on the Debtors' Schedules; provided, however, that: (i) the Claim is not scheduled as "disputed," "contingent" or "unliquidated;" (ii) the Claimant does not disagree with the amount, nature and priority of the Claim as set forth in the Schedules; and (iii) the Claimant does not dispute that the Claim is an obligation of the specific Debtor against which the Claim is listed in the Schedules;

- Any Claim that this Court allowed before the Bar Date Order;

- Any Claim against the Debtors that has been paid in full by the Debtors;

- Any Claim that is subject to specific deadlines fixed by this Court;

- Any Debtor or its non-Debtor subsidiaries or affiliates, including the Canadian Debtors, having a Claim against any of the Debtors;

- Any Claim of a claimant of the Debtors, if an order of this Court authorized the Debtors to honor such Claim in the ordinary course as an obligation; provided, however, that a claimant (and any subrogee or assignee of a claimant) must submit a Proof of Claim by the Bar Date if its Claim relates to damages arising from, without limitation, Claims for breach of contract, breach of warranty, misrepresentation, tort or any other legal or equitable theory;

- Any claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges owed under any loan to which the Debtors are party pursuant to a credit agreement (a "Debt Instrument"); provided, however, that: (i) an agent under a Debt Instrument must file one proof of claim, on or before the Bar Date, with respect to the repayment by the Debtors of principal, interest and other applicable fees, charges or other claims on or under such Debt Instrument, and (ii) any person or entity that wishes to assert a claim arising out of

4

or relating to a Debt Instrument, other than a claim for the repayment by the Debtors of principal, interest and other applicable fees and charges on or under the Debt Instrument, will be required to file a proof of claim, unless another exception in this paragraph applies;

- Any Claimant whose Claim is based on an interest in an equity security of the Debtors; <u>provided, however</u>, that any Claimant who wishes to assert a Claim against the Debtors based on, without limitation, Claims for damages or rescission based on the purchase or sale of an equity security, must file a Proof of Claim on or before the Bar Date. The Debtors reserve all rights with respect to any such Claims including, *inter alia*, to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code;

- Any Claims of the Debtors' current officers and directors relating to such officer's or director's service to the Debtors or any of the Debtors' non-Debtor subsidiaries or affiliates; and

- Any Claims allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as administrative expenses of the Debtors' Chapter 11 Cases, **with the exception of 503(b)(9) Claims (with respect to the value of the goods received by the Debtors within 20 days of the Petition Date), which are subject to the Bar Date as provided above**;

and it is further

ORDERED, that the form of Proof of Claim (the "<u>Proof of Claim Form</u>"), substantially in the form attached hereto as <u>Exhibit 1</u>, is hereby approved. The Debtors are further directed, with the assistance of the Claims Agent, to include the following information on every Proof of Claim Form that they supply to a Claimant: (a) the amount of such creditor's Claim against the Debtors (if such information is reasonably ascertainable), as reflected in the Schedules; (b) the type of Claim held by such creditor (*i.e.*, non-priority unsecured, priority unsecured or secured), as reflected in the Schedules; and (c) whether such Claim is contingent, unliquidated or disputed as reflected in the Schedules. Any person or entity that receives the Proof of Claim Form is

5

authorized to correct any incorrect information contained in the name and address portion of such form; and it is further

ORDERED, that the following rules shall govern the completion and filing of each Proof of Claim:

- Each Proof of Claim must: (i) be written in English; (ii) include a Claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form No. 10; (iv) state a claim against the Debtors; (v) clearly indicate the Debtors against which the creditor is asserting a Claim; and (vi) be signed by the Claimant or if the Claimant is not an individual, by an authorized agent of the Claimant;

- Each Proof of Claim must include supporting documentation (or, if such documentation is voluminous, include a summary of such documentation) or an explanation as to why such documentation is not available; provided, however, that a Proof of Claim may be filed without supporting documentation upon the prior written consent of the Debtors; provided, further that any creditor that received such written consent shall be required to transmit such writings to the Debtors upon request no later than ten (10) days from the date of such request; provided, further, that (i) the agent (the "2006 Prepetition Agent") under that certain Credit Agreement, dated as of November 24, 2006, among Trident Resources Corp., the subsidiary guarantors named therein, the lenders named therein and the 2006 Prepetition Agent and (ii) the agent (the "2007 Prepetition Agent") under that certain Subordinated Loan Agreement, dated as of August 20, 2007, as amended, among Trident Resources Corp., the subsidiary guarantors named therein, the lenders named therein and the 2007 Prepetition Agent, shall not be required to file supporting documentation with their Proofs of Claim, provided that the 2006 Prepetition Agent and the 2007 Prepetition Agent shall make such supporting documentation available to the Debtors and other parties in interest upon request;

- All Proofs of Claim must be filed so as to be **actually received** no later than 5:00 p.m. Prevailing Eastern Time on the Bar Date at the following address:

6

If by Mail:
Trident Resources Corp. Claims Processing Center
c/o The Garden City Group, Inc.
P.O. Box 9545
Dublin, OH 43017-4845

If by Hand or Overnight Courier:
Trident Resources Corp. Claims Processing Center
c/o The Garden City Group, Inc.
5151 Blazer Parkway, Suite A
Dublin, OH 43017

**Claimants shall not submit Proofs of Claim via facsimile or e-mail**; and

- A Claimant who wishes to receive acknowledgment of receipt of its Proof of Claim Form may submit a copy of the Proof of Claim Form and a self-addressed, stamped envelope to GCG along with the original Proof of Claim Form;

and it is further

ORDERED, that the Debtors, with the assistance of GCG, are hereby authorized and directed to serve the following materials by first class U.S. mail, postage prepaid, no later than three business days after the date of entry of this Order: (a) written notice of the Bar Date in substantially the form attached hereto as Exhibit 2, (the "Bar Date Notice"); and (b) the Proof of Claim Form (collectively, the "Bar Date Package") on the following parties:

- The Office of the United States Trustee for the District of Delaware (the "U.S. Trustee");

- Counsel to any official committee appointed in these Chapter 11 Cases;

- Counsel to the agents for the Debtors' prepetition secured lenders;

- All persons or entities that have requested notice of the proceedings in the Chapter 11 Cases;

7

- All persons or entities that have filed Claims against the Debtors, if any, as of the date of entry of the Bar Date Order;

- All creditors and other known holders of Claims against the Debtors as of the date of the Bar Date Order, if any, including all persons or entities listed in the Schedules as holding Claims against the Debtors;

- All equity security holders;

- All parties to executory contracts and unexpired leases of the Debtors listed on the Schedules, if any, using the last known address;

- All parties to litigation with the Debtors, using the last known address;

- All taxing authorities for the jurisdictions in which the Debtors do business;

- The Internal Revenue Service for the district in which the case is pending;

- The United States Attorney for the District of Delaware and relevant state attorneys general;

- The United States Department of Justice;

- The Monitor appointed in the Canadian Proceedings; and

- The Securities and Exchange Commission;

and it is further

ORDERED, that the Debtors are hereby authorized to provide supplemental mailings of the Bar Date Package at any time in advance of the **Bar Date** or any other applicable Bar Date, as may be necessary in situations, including, without limitation, (a) notices that are returned by the post office with forwarding addresses, (b) certain parties acting on behalf of parties in interest (*e.g.*, any banks or brokers with respect to equity holders) that decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing and (c) additional potential claimants that become known as the result of the Bar Date noticing
8

process. Notwithstanding the foregoing, the Debtors shall not be required to provide any additional notice to any Claimant to whom the Debtors mailed the Bar Date Package in accordance with the terms of this Order and such notice was returned to the Debtors as undeliverable without a forwarding address; and it is further

ORDERED, that the Debtors are directed to give notice of the Bar Date by publishing the Bar Date Notice, modified for publication in substantially the form attached hereto as Exhibit 3 (the "Publication Notice"), in the national editions of the *Wall Street Journal* and the *Globe & Mail* as soon as practicable after entry of the Bar Date Order. The Publication Notice shall include a telephone number that creditors may call to obtain copies of the Proof of Claim Form, a URL for a website where the creditors may obtain a copy of a Proof of Claim Form (www.TridentRestructuring.com), and information concerning the procedures for filing Proofs of Claim. The Debtors are authorized to enter into such transactions to cause such publication to be made and to make reasonable payments required for publication; and it is further

ORDERED, that the Debtors are authorized to use the services of GCG, as applicable, to coordinate the processing of Proofs of Claim; and it is further

ORDERED, that Notice of the Bar Date as set forth in this Order and in the manner set forth herein (including, without limitation, the Bar Date Notice, the Bar Date Package, the Publication Notice and any supplemental notices that the Debtors may send from time to time) constitute adequate and sufficient notice of the Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and it is further

ORDERED, that the notice provided by this order to foreign creditors is sufficient under Bankruptcy Rule 2002(p); and it is further

ORDERED, that the Debtors are authorized, in their discretion, to extend a Bar Date by stipulation where the Debtors determine that such extension is in the best interests of the Debtors and their estates; and it is further

ORDERED, that the Debtors and the Claims Agent are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this Order in accordance with the Motion; and it is further

ORDERED, that the terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order; and it is further

ORDERED, that entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file a proof of claim or interest or be forever barred from doing so; and it is further

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: March 23, 2010
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE

RLF1 3551643v.1