IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
: 
In re: : Chapter 11
:
TRIDENT RESOURCES CORP., et al.,[1] : Case No. 09-13150 (MFW)
:
: (Jointly Administered)
:
Debtors. :
------------------------------------------------------------x

## NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) ESTABLISHMENT OF RECORD DATES, (III) HEARING ON CONFIRMATION OF THE PLAN AND PROCEDURES FOR OBJECTING TO CONFIRMATION OF THE PLAN, AND (IV) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN

PLEASE TAKE NOTICE that:

1. ***Approval of Disclosure Statement.*** On May 5, 2010, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 353] (the "Disclosure Statement Order") approving the Disclosure Statement Pursuant to section 1125 of the Bankruptcy Code for the Debtors' Second Amended Joint Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated May 5, 2010 (as it may be modified or amended from time to time, the "Disclosure Statement") filed by Trident Resources Corp. ("TRC") and its affiliated debtors (collectively with TRC, the "Debtors"), as debtors and debtors in possession in the above referenced chapter 11 cases. The Disclosure Statement Order also authorizes the Debtors to solicit votes with respect to the acceptance or rejection of the Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated May 5, 2010 (as it may be modified or amended from time to time, the "Plan"), a copy of which is annexed as Exhibit A to the Disclosure Statement, in addition to authorizing the commencement of the Rights Offering. Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2. ***Confirmation Hearing.*** A hearing (the "Confirmation Hearing") to consider confirmation of the Plan will be held at 9:30 a.m. (prevailing Eastern Time) on June 15, 2010, before the Honorable Mary F. Walrath, United States Bankruptcy Judge,

---

[1] The Debtors in these Chapter 11 Cases, along with each Debtor's place of incorporation and the last four digits of its federal tax identification number, where applicable, are: Trident Resources Corp. (*Delaware*) (2788), Aurora Energy LLC (*Utah*) (6650), NexGen Energy Canada, Inc. (*Colorado*) (9277), Trident CBM Corp. (*California*) (3534), and Trident USA Corp. (*Delaware*) (6451).

in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801. The Confirmation Hearing may be adjourned or continued from time to time without further notice other than the announcement by the Debtors of the adjourned date(s) at the Confirmation Hearing or any continued hearing or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court. The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

3. *Record Date for Voting Purposes.* The following record date has been established: May 5, 2010.

4. *Voting Deadline.* All votes to accept or reject the Plan must be received by the Debtors' voting and tabulation agent, The Garden City Group, Inc. ("GCG"), by no later than 4:00 p.m. (prevailing Eastern Time) on June 4, 2010, provided, however, that any holder of claims in Classes 4 or 5 shall have the right to change its vote by providing written notice to the Debtors within 72 hours of the conclusion of the Auction, which is currently scheduled to be held on June 7, 2010, to change their votes to accept or reject the Plan. This shall be done by notifying both the Voting Agent and counsel to the Debtors in writing, via overnight mail, email or fax, of any changes to their vote within such 72-hour period. Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

5. *Parties in Interest Not Entitled to Vote.* The following creditors and shareholders are not entitled to vote on the Plan: (i) holders of unimpaired claims; and (ii) holders of claims or interests who will receive no distribution under the Plan.

6. *Objections to Confirmation.* The Bankruptcy Court has established **June 4, 2010 at 4:00 p.m. (EST)** as the last date and time for filing and serving objections to the confirmation of the Plan (the "Plan Objection Deadline"). Objections to the confirmation of the Plan, if any, must (a) be in writing; (b) state with particularity the grounds for such objection; (c) state the name and address of the objecting party and the notice of the claim or interest of such party; and (d) be filed with the Bankruptcy Court and served on the following parties (collectively, the "Notice Parties"): (i) counsel to the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036 (Attn.: Ira S. Dizengoff, Esq.), Akin Gump Strauss Hauer, 1333 New Hampshire Avenue, NW, Washington, DC 20036 (Attn.: Scott L. Alberino) and Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn.: Mark D. Collins, Esq. and Paul Heath, Esq.); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Room 2207, Lockbox #35, Wilmington, Delaware 19899-0035 (Attn.: Patrick Tinker, Esq.); (iii) counsel to the Backstop Parties, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166, (Attn: David M. Feldman, Esq. and Matthew Williams, Esq.); and (iv) counsel to the 2007 Agent, Ropes & Gray LLP, 1211 Avenue of the Americas, New York, NY 10036, (Attn: Mark Somerstein, Esq.), and Ropes & Gray LLP, One International Place, Boston, MA 02110 (Attn: Patricia Chen, Esq.), **so that they are actually received no later than the Plan Objection Deadline**. Objections not timely filed and served shall be overruled and not considered.

PLEASE TAKE FURTHER NOTICE that:

7. The Disclosure Statement describes, and the Plan includes, the following releases, exculpations, and injunctive relief:

- Pursuant to section 1123(b)(3) of the Bankruptcy Code, effective as of the Effective Date, each Debtor, in its individual capacity and as a debtor in possession for and on behalf of its Estate, shall release and discharge and be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged all Released Parties for and from any and all claims or Causes of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan or the Canadian Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases or the Canadian Proceedings, or any act, omission, occurrence, or event in any manner related to any such Claims, Interests, restructuring, or the Chapter 11 Cases or the Canadian Proceedings, including, but not limited to, any claim relating to, or arising out of the Chapter 11 Cases or the Canadian Proceedings, the negotiation and filing of the Plan or the Canadian Plan, the filing of the Chapter 11 Cases or the Canadian Proceedings, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation, or consummation of the Plan or the Canadian Plan, the Disclosure Statement, any document filed by the Debtors in respect of the Canadian Plan, Exhibits, any document filed by the Debtors in respect of the Canadian Plan, the Plan Supplement, any employee benefit plan, instrument, release, or other agreement or document created, modified, amended or entered into in connection with the Plan or the Canadian Plan. The Reorganized Debtors and any newly-formed entities that will be continuing the Debtors' businesses after the Effective Date shall be bound, to the same extent the Debtors are bound, by the releases and discharges set forth above. (section 11.4 of the Plan);

- On the Effective Date, each Person who votes to accept the Plan in its capacity as the holder of any Claim or Interest and, to the fullest extent permissible under applicable law, each entity (other than a Debtor), which has held, holds, or may hold a Claim against or Interest in the Debtors in its capacity as the holder of any Claim or Interest, in consideration for the obligations of the Debtors and the Reorganized Debtors under the Plan and Cash, New Equity, and other contracts, instruments, releases, agreements, or documents to be delivered in connection with the Plan or the Canadian Plan (each, a "<u>Release Obligor</u>"), shall have conclusively, absolutely,

unconditionally, irrevocably, and forever released and discharged the Reorganized Debtors, the Debtors and all Released Parties for and from any claim or Cause of Action existing as of the Effective Date in any manner arising from, based on, or relating to, in whole or in part, any or all of the Debtors, the subject matter of, or the transaction or event giving rise to, the claim of such Release Obligor, the business or contractual arrangements between or among any Debtor and Release Obligor or any Released Party, the restructuring of the claim prior to or in the Chapter 11 Cases or the Canadian Proceedings, or any act, omission, occurrence, or event in any manner related to such subject matter, transaction, obligation, restructuring or the Chapter 11 Cases or the Canadian Proceedings, including, but not limited to, any claim relating to, or arising out of the Debtors' Chapter 11 Cases or the Canadian Proceedings, the negotiation and filing of the Plan or the Canadian Plan, the filing of the Chapter 11 Cases or the Canadian Proceedings, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation, or consummation of the Plan or the Canadian Plan, the Disclosure Statement, any document filed by the Debtors in respect of the Canadian Plan, the Exhibits, the Plan Supplement, any employee benefit plan, instrument, release, or other agreement or document created, modified, amended or entered into in connection with the Plan or the Canadian Plan. (section 11.5 of the Plan);

- Except as otherwise specifically provided in the Plan, the Plan Supplement or related documents, the Debtors, the Reorganized Debtors and the Released Parties shall neither have, nor incur any liability to any entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or related to, or arising out of the Chapter 11 Cases, the negotiation and filing of the Plan, the filing of the Chapter 11 Cases, the formulation, preparation, negotiation, dissemination, filing, implementation, administration, confirmation or consummation of the Plan, the Disclosure Statement, the Exhibits, the Plan Supplement documents, any employee benefit plan, instrument, release or other agreement or document created, modified, amended or entered into in connection with the Plan, except for their willful misconduct or gross negligence and except with respect to obligations arising under confidentiality agreements, joint interest agreements, and protective orders, if any, entered during the Chapter 11 Cases; provided, however, each Released Party shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities pursuant to, or in connection with, the above referenced documents, actions, or inactions. (section 11.6 of the Plan); and

- The satisfaction, release, and discharge pursuant to <u>ARTICLE XI</u> of the Plan shall act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect, offset,

**or recover any Claim, Interest, or Cause of Action satisfied, released, or discharged under the Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof. (section 11.7 of the Plan).**

8. *Additional Information.* Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should (i) telephone the Debtors' voting agent, The Garden City Group, Inc. at (866) 352-6496; (ii) write to such agent at (a) TRD Bankruptcy Administration, C/O The Garden City Group, Inc., P.O. Box 9545, Dublin, OH 43017-4845 or, (b) if sent by overnight courier or by hand delivery, at TRD Bankruptcy Administration, C/O The Garden City Group, Inc., 5151 Blazer Parkway, Suite A, Dublin, Ohio 43017; or (iii) view such documents by accessing the Court's website: http://www.deb.uscourts.gov. A pacer password and login are needed to access documents on the Court's website. A pacer password can be obtained at http://www.pacer.psc.uscourts.gov. Copies of the Plan and Disclosure Statement may also be accessed on Garden City Group's website at www.tridentrestructuring.com.

9. The names of the Debtor entities and their respective case numbers are as follows:

| Trident Resources Corp. | 09-13150 (MFW) |
| NexGen Energy Canada, Inc. | 09-13151 (MFW) |
| Trident USA Corp. | 09-13152 (MFW) |
| Trident CBM Corp. | 09-13153 (MFW) |
| Aurora Energy LLC | 09-13154 (MFW) |

Dated: May 6, 2010  
Wilmington, Delaware

Respectfully submitted,

*[signature]*

Mark D. Collins (No. 2981)
Paul Heath (No. 3704)
Chun I. Jang (No. 4790)
Travis A. McRoberts (No. 5274)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
(302) 651-7700 (Telephone)
(302) 651-7701 (Facsimile)

and

AKIN GUMP STRAUSS HAUER & FELD LLP
Ira S. Dizengoff, admitted *pro hac vice*
David A. Kazlow, admitted *pro hac vice*
One Bryant Park
New York, NY 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

AKIN GUMP STRAUSS HAUER & FELD LLP
Scott L. Alberino, admitted *pro hac vice*
Joanna F. Newdeck, admitted *pro hac vice*
Daniel J. Harris, admitted *pro hac vice*
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887-4000 (Telephone)
(202) 887-4288 (Facsimile)

ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION